**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-2265

NARESH C. ARORA; SUDHA ARORA,

              Plaintiffs - Appellants,

        v.

CAPTAIN JAMES; REGIONAL MEDICAL CENTER OF ORANGEBURG; DENMARK TECHNICAL COLLEGE, an agency of state of South Carolina, a governmental entity; CHIEF WILBUR WALLACE; DONALD WILLIAMS; JOANN BOYD-SCOTLAND; AMBRISH LAVANIA, individually (at their personal capacity) and as agents and employees for Denmark Technical College; DOES 1 - 100, et al,

              Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.   J. Michelle Childs, District Judge.   (5:14-cv-00018-JMC)

Submitted:  March 31, 2016               Decided:  May 12, 2017

Before GREGORY, Chief Judge, and SHEDD and KEENAN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Naresh C. Arora; Sudha Arora, Appellants Pro Se.  Norma Anne Turner Jett, NESS & JETT, LLC, Bamberg, South Carolina; Samuel

F. Arthur, III, Carrie Appleton Fox, AIKEN, BRIDGES, NUNN, ELLIOTT & TYLER, PA, Florence, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Naresh and Sudha Arora appeal the district court's order (1) adopting the magistrate judge's recommendation, granting summary judgment to Captain James and The Regional Medical Center of Orangeburg and Calhoun Counties ("TRMC"), and dismissing without prejudice* the Aroras' claims against Denmark Technical College, Chief Wilbur Wallace, Donald Williams, Joann Boyd-Scotland, and Ambrish Lavania, and (2) denying the Aroras' motions for stay and for sanctions. The Aroras also appeal the district court's order overruling their objection to the magistrate judge's denial of their motion to amend the complaint to add a medical malpractice claim. We affirm the district court's order listed in (1) and (2) for the reasons stated by the district court. <u>Arora v. James</u>, No. 5:14-cv-00018-JMC (D.S.C. Apr. 16, 2015; Sept. 24, 2015).

However, we vacate the district court's order adopting the magistrate judge's order and denying the Aroras' motion to amend their complaint. While "leave to amend should be freely given when justice so requires," a district court may deny a motion to

---

* Because the Aroras could not cure the defect in their complaint by amendment, the district court's order is final and appealable. <u>See</u> <u>Goode v. Cent. Va. Legal Aid Soc'y</u>, 807 F.3d 619, 623-26 (4th Cir. 2015) (discussing <u>Domino Sugar Corp. v. Sugar Workers Local Union 392</u>, 10 F.3d 1064, 1066-67 (4th Cir. 1993)).

amend "when the amendment would be prejudicial to the opposing party," when the moving party has acted in bad faith or with a dilatory motive, or when the amendment would be futile. Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (internal quotation marks omitted). "Generally, we review a district court's denial of a motion for leave to amend for abuse of discretion, [b]ut where . . . the district court denied such a motion on grounds of futility, we employ the same standard that would apply to our review of a motion to dismiss." United States ex rel. Ahumada v. NISH, 756 F.3d 268, 274 (4th Cir. 2014).

In their motion to amend, the Aroras sought to add a state-law claim labeled medical malpractice against TRMC. They alleged that TRMC had a duty to prevent trespassers from harassing patients and that TRMC breached that duty when it allowed Wallace and Williams to trespass in Naresh Arora's hospital room. The magistrate judge denied this portion of the motion to amend as futile because the Aroras had failed to file an affidavit of an expert witness as required for medical malpractice claims under S.C. Code Ann. § 15-79-125(A) (Supp. 2015).

The "distinction between medical malpractice and negligence claims is subtle," and, thus, "differentiating between the two types of claims depends heavily on the facts of each individual

4

case." Dawkins v. Union Hosp. Dist., 758 S.E.2d 501, 503-04 (S.C. 2014) (internal quotation marks omitted). In Dawkins, the Supreme Court of South Carolina held that an action against a hospital related to "nonmedical, administrative, ministerial, or routine care" sounds in ordinary negligence, not medical malpractice. Id. at 504. While the Aroras labeled their claim as one of medical malpractice, the substance of their allegations sounds in ordinary negligence. We therefore conclude that the proposed amendment was not futile. Accordingly, we vacate the district court order adopting the magistrate judge's ruling and remand for further proceedings. We express no opinion on the merits of the Aroras' claim.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

5